UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANWON JERMAINE DARRETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 1:15-cv-00154-TWP-MPB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. CIC 15-10-187, petitioner Anwon Darrett was found guilty of violating prison rules and was sanctioned. In the present action, Darrett asserts that No. CIC 150190187 is tainted with constitutional error.

Having considered the habeas petition, the additional pleadings, and the expanded record, and being duly advised, the Court finds that the petition for writ of habeas corpus should be denied and this action dismissed. This conclusion rests on the following facts and circumstances:

1. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Darrett.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

2.  In the challenged proceeding, Darrett was charged on October 23, 2014 with violating prison rules by committing assault on inmate Jonathan Flick during the morning of October 5, 2014 in B-Unit of the Correctional Industrial Complex, an Indiana prison. Darrett was notified of the charge on the date it was issued. He requested witnesses, "statements" and physical evidence.

3.  A hearing was held on October 28, 2014. A rehearing was ordered. The rehearing was conducted on November 21, 2014. Darrett was present at the rehearing and made a statement concerning the charge. The hearing officer considered Darrett's statement, the written charge, and other materials. Darrett was found guilty and was sanctioned. This action was filed after Darrett's administrative appeal was denied.

4.  The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: On the morning of October 5, 2014, inmate Jonathan Flick reported to authorities that he had been stabbed. The stabbing occurred in the course of Flick being assaulted by other inmates. An investigation of this incident revealed that Darrett, together with others whose identities were ascertained, was directly involved in the incident.

5.   Under *Wolff* and *Hill,* Darrett received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Darrett was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

4.   Darrett's claims that he was denied the protections afforded by *Wolff* are unpersuasive or otherwise without merit.

   a.   His challenge to the sufficiency of the evidence lacks merit for the reasons just explained. *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992)("only evidence that was presented to the Adjustment Committee is relevant to this analysis"). The evidence was constitutionally sufficient as to all components of the offense Darrett was found to have committed.

   b.   Darrett complains of the use of confidential materials, but the failure to disclose them to him in the circumstances here was not improper. *See Jones, Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011)(prison officials were not required to disclose evidence that would "entail a security risk"); *Piggie v. Cotton,* 344 F.3d 674, 678–79 (7th Cir. 2003) (prisons are permitted to deny requests for evidence that threaten institutional goals or safety); *White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (where video was viewed by the decision-maker, inmate's right to exculpatory evidence was not violated).

   c.   Darrett also complains of the hearing officer's conclusions. Darrett's challenge here is to the manner in which the hearing officer resolved conflicting evidence. This challenge does not support the relief Darrett seeks because it was up to the hearing officer to decide any issue of credibility, *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007), and this court cannot now reweigh the evidence. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999)(in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis").

5.   "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action,

and there was no constitutional infirmity in the proceeding which entitles Darrett to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  2/1/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANWON JERMAINE DARRETT
978961
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel